UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE DUNSON,

    Plaintiff,

v.

CREDIT CONTROL, LLC,
d/b/a CC COLLECTIONS, LLC,

    Defendant.

Case No.  24-13179
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES [12]**

On November 27, 2024, Jacqueline Dunson filed this *pro se* lawsuit against CC Collections, LLC, for an alleged violation of the Fair Debt Collections Practices Act. (ECF No. 1.) Dunson says that on September 2, 2024, CC Collections sent her an email attempting to collect on a debt Dunson owed. (*Id.* at PageID.2.) Dunson responded to the email saying she refused to pay the debt. (*Id.* at PageID.7.) The following day, CC Collections sent Dunson a text message with a link to its website. (*Id.* at PageID.8.) This communication, Dunson says, violated § 1692c(c) and § 1692f of the FDCPA. (*Id.* at PageID.3–4.)

In its initial response to Dunson's complaint, CC Collections asserted seven affirmative defenses. (ECF No. 8.) Dunson moved to strike them all pursuant to Federal Rule of Civil Procedure 12(f). (ECF No. 12.) The Court does not need a response or a hearing to deal with the motion. *See* E.D. Mich. LR 7.1(f).

On a party's motion under Federal Rule of Civil Procedure 12(f), "the [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion's purpose is to "avoid . . . litigating spurious issues" and to promote efficient use of time and judicial resources. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quotation omitted). Such motions, however, "are viewed with disfavor and are infrequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see also Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (noting that a motion to strike "is a drastic remedy to be resorted to only when required for the purposes of justice") (quotation omitted), *aff'd* 867 F.3d 692 (6th Cir. 2017). Still, the Court will strike an affirmative defense "if it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Loc. 324 Health Care Plan*, 783 F.3d at 1050 (quotation omitted).

This drastic remedy is not warranted here. As an initial matter, CC Collections has amended its answer to remove six of its seven affirmative defenses. (ECF No. 15.) All that remains is a bona fide error affirmative defense. (*Id.* at PageID.45.) As pled, CC Collections states "[i]f a violation of the law occurred, which is expressly denied, it was the result of a bona fide error despite procedures reasonably designed to prevent such errors. However, if such a failure did occur, it was a good faith clerical

2

mistake, made despite procedures designed to ensure that refusals to pay are properly honored." (*Id*.)

According to Dunson, "this defense requires Defendant to demonstrate by a preponderance of the evidence of reasonable procedures structured to avoid such errors, pursuant to 15 U.S.C. § 1692k(c)." (ECF No. 12, PageID.35.) And, continues Dunson, because "Defendant has failed to allege any specific procedures or facts to support its claim," it must be stricken. *Id*. The Court disagrees.

The affirmative defense contains enough information to put Dunson on notice as to what is being alleged. Whether CC Collections can ultimately satisfy its burden to establish reasonable procedures designed to avoid any alleged error will be fleshed out during discovery and dispositive motion practice. Indeed, a motion to strike should not be used as a vehicle to determine disputed and substantial questions of law or fact. *Hemlock Semiconductor Corp.*, 116 F. Supp.3d at 823 (motion should not be granted if it raises factual issues that should be determined on the merits).

Thus, Dunson's motion to strike CC Collections' one remaining bona fide error affirmative defense (ECF No. 12) is DENIED.

SO ORDERED.

Dated: January 23, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE